**FOR THE UNITED STATES DISTRICT COURT**

**IN THE DISTRICT OF NEW MEXICO**

DENISE I. WORKHEISER,

      Plaintiff,

      v.                                        No. CIV 12-0485 JB/GBW

CITY OF CLOVIS,

      Defendant.

**MEMORANDUM OPINION AND ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

      **THIS MATTER** comes before the Court on the Defendant City of Clovis' Motion for Summary Judgment, filed Sept. 10, 2012 (Doc. 18)("Motion for Summary Judgment").  The Honorable Gregory B. Wormuth, United States Magistrate Judge, filed a Proposed Findings and Recommended Disposition ("PFRD"), concluding that the Court should grant the Defendant's Motion for Summary Judgment on the basis that Plaintiff Denise I. Workheiser failed to show that she is "disabled" under the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12300.  PFRD, filed Nov. 2, 2012 (Doc. 24).  Workheiser has not filed objections to the Magistrate Judge's Report and Recommendations.  The Court will adopt the PFRD, grant the City of Clovis' Motion for Summary Judgment, and enter judgment for the City of Clovis and against Workheiser.

**LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS**

      District courts may refer dispositive motions to a magistrate judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs objections: "Within 10 days after being served with

a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."   Finally, when resolving objections to a magistrate judge's proposal: "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C)).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'"  United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir.1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm

waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (citations omitted).

In One Parcel, the Tenth Circuit, in accord with courts of appeals, expanded the waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060.  The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.  The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S.Rep. No. 94-625, pp. 9-10 (1976) (hereinafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereinafter House Report).  There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.  Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.  Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added) (hereinafter Senate Hearings).  The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it.  If no objections come in, I merely sign the magistrate's order.").  The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C)), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.  There is no indication that Congress, in enacting § 636(b)(1)(C)), intended to require a district judge to review

a magistrate's report to which no objections are filed.  It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 151-52 (footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"  One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").  In One Parcel, the Tenth Circuit noted that the district judge had decided *sua sponte* to conduct a de-novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated

-4-

that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." <u>Pevehouse v. Scibana</u>, 229 F. App'x 795, 796 (10th Cir. 2007).

<u>**ANALYSIS**</u>

The Court has carefully reviewed: (I) the Motion for Summary Judgment; (ii) Defendant City of Clovis' Memorandum Brief in Support of Motion for Summary Judgment, filed Sept. 10, 2012 (Doc. 19); (iii) Plaintiff Pro-Se, Denise I. Workheiser's Motion for Opposition to Defendant's Request for Summary Judgment, filed Sept. 24, 2012 (Doc. 20); (iv) Plaintiff Pro-Se, Denise I. Workheiser's Memorandum Brief for Opposition to Defendant's Request for Summary Judgment, filed Sept. 24, 2012 (Doc. 21); and (v) Defendant City of Clovis' Reply Brief in Support of its Motion for Summary Judgment, filed Oct. 8, 2012 (Doc. 22).   Judge Wormuth concluded that Workheiser failed to show that she qualified as a disabled person under the ADA and thus that the Court should grant the Defendant's Motion for Summary Judgment.  <u>See</u> PFRD at 6-9.  Workheiser has not objected to the PFRD.  <u>See</u> <u>One Parcel</u>, 73 F.3d at 1059 (holding that a "the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions").   The Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion.   The Court thus adopts Judge Wormuth's PFRD.  The Court grants the Defendant's Motion for Summary Judgment.

**IT IS ORDERED** that the Defendant City of Clovis' Motion for Summary Judgment, filed Sept. 10, 2012 (Doc. 18) is granted, and the Plaintiff Denise I. Workheiser's Complaint, filed in state court on April 13, 2012, filed in federal court on May 7, 2012 (Doc. 1-1), is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Denise I. Workheiser
Clovis, New Mexico

      *Plaintiff Pro se*

Virginia Anderman
Miller Stratvert, P.A.
Albuquerque, New Mexico

      *Attorney for Defendant*